UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS M. ROSADO,<br><br>        *Plaintiff*,<br>-against-<br>MARK ZUCKERBERG,<br>        *Defendant.* | 1:21-cv-07840 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Jesus M. Rosado brings this action pursuant to alleged violations of various civil and administrative statutes, etc., against Defendant Mark Zuckerberg of Facebook Inc.[1] ECF No. 43, Second Amended Complaint ("SAC"). Defendant moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim on each count. ECF No. 30. Defendant requested the Court apply its prior motion to dismiss, ECF No. 30, and reply, ECF No. 51, against the SAC.

  After careful review, Defendant's Motion, ECF No. 30, is **GRANTED with prejudice**.

## BACKGROUND

### I. Statement of Facts[2]

Plaintiff alleges he developed the Facebook website and mobile application in 2004 while in college and working with the nonprofit Council of Churches in Bridgeport, Connecticut. SAC at 1; ECF No. 23 at 1-2. Plaintiff does not claim he ever had any contact or business relationship with Mr. Zuckerberg.

 Plaintiff alleges Mr. Zuckerberg falsely claimed that he was the original developer of Facebook. *Id.* at 4. As a result, Plaintiff has "never received recognition of the development or

---

[1] Facebook, Inc. is now known as Meta Platforms, Inc.
[2] For the purposes of this motion, the facts are drawn from the Complaint and presumed to be true.

1

royalties" from Facebook. *Id.* at 3. "Defendant has been rewarded with all profits from the invention and has given no credit or royalty to plaintiff who launched the site." *Id.* at 1.

Plaintiff also claims he was being discriminated against and "extorted of government funding possibly derived from the Social Secur[i]ty Administration due to color, race and ethnicity, which is 'discrimination'." *Id.* It is unclear who Plaintiff alleges discriminated against him, or extorted him.

## II.     Procedural History

Plaintiff filed his complaint *pro se* against Defendant on September 20, 2021, alleging violations of various statutes. ECF No. 1. Plaintiff twice amended his complaint, which he filed on March 3, 2022 (ECF No. 17, First Amended Complaint ("FAC")), and November 9, 2022 (SAC). Plaintiff filed a letter on May 23, 2022 supplementing the facts underlying his FAC (ECF No. 23, the "May 23 Supplemental Letter"). Plaintiff alleges Defendant violated his First, Fourth, and Fourteenth Amendment rights, and Title VI and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. Plaintiff also brings claims under: Title II, 42 U.S.C. §§ 2000a et seq.; Title VI, 42 U.S.C. §§ 2000c et seq.; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.; the Privacy Act of 1974, 5 U.S.C. § 552a; the Federal Trade Commission Act, 15 U.S.C. §§ 41-58, and the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100. Plaintiff seeks one billion dollars from Defendant. SAC at 2. Defendant filed his motion to dismiss the FAC on October 26, 2022. ECF No. 30. Defendant requested the Court apply its prior motion to dismiss, ECF No. 30, and reply, ECF No. 51, against the SAC.

## STANDARD OF REVIEW

### I.     Federal Rules of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

II.     *Pro Se* **Litigant**

*Pro se* litigants faced with motions to dismiss "must be held to less stringent standards than formal pleadings drafted by lawyers." *Ahmed v. GEO USA LLC*, No. 14-cv-7486, 2015 WL 1408895, at *2 (S.D.N.Y., Mar. 7, 2014). Practically speaking, "[c]ourts read the pleadings,

3

briefs, and opposition papers of *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Carter v. Ponte*, No. 17-CV-1830 (VSB), 2018 WL 4680995 at *4 (S.D.N.Y. Sept. 28, 2018) (collecting cases). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citations omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that a *pro se* complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

### I. Plaintiff's Constitutional Claims Fail to Meet the State Action Requirement.

Plaintiff alleges constitutional violations of his First, Fourth, and Fourteenth Amendment rights. However, constitutional violations require a showing that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Defendant Zuckerberg is an individual, not a corporation. "Title VII claims as against the individual defendants fail as a matter of law" because "'individuals are not subject to liability under Title VII.'" *Mussallihattillah v. McGinnis*, 684 F. App'x 43, 47 (2d Cir. 2017) (quoting *Patterson v. Cty. of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004) (internal quotation marks omitted); *United States v. DiTomasso*, 932 F.3d 58, 67 (2d Cir. 2019) (holding that Fourth Amendment only applies to "governmental action"); *Loce v. Time*

4

*Warner Entm't Advance/Newhouse P'ship*, 191 F.3d 256, 266 (2d Cir. 1999) ("The First Amendment applies only to state actors.").

Moreover, to hold private actors liable for constitutional violations, Plaintiff must sufficiently allege that the state or federal government "dominate[s] an activity to such an extent that its participants must be deemed to act with the authority of the government and, as a result, be subject to constitutional constraints." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991); *see also Manhattan Comm. Access Corp. v. Halleck*, 139 S.Ct. 1921, 1928 (2019). Plaintiff does not plead a viable claim because he has failed to allege that Mr. Zuckerberg has a "close nexus" to the state to warrant liability. *Ashby v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 31 F. Supp. 2d 27 (E.D.N.Y. 2004). Plaintiff has not alleged any connection between Mr. Zuckerberg and the government in regard to the development of Facebook, because Plaintiff has not alleged that the government dominates the activity of website or mobile application development to such an extent that Defendant acted with governmental authority.

Because Plaintiff has failed to meet the state action requirement, his constitutional claims must be dismissed with prejudice.

**II.     Plaintiff's Employment Discrimination Claim Fails.**

Plaintiff alleges "[d]iscrimination because of race, color, religion, sex, or national origin" under Title VII. SAC at 2. Plaintiff appears to allege employment discrimination. However, because Plaintiff was not employed by Defendant and did not apply for employment with Defendant, Plaintiff lacks standing to assert an employment discrimination claim. *Kern v. City of Rochester*, 93 F.3d 38, 45 (2d Cir. 1996) (Title VII "is an employment law, available only to employees (or prospective employees)"). As such, Plaintiff's employment claims are dismissed with prejudice.

### III.  Plaintiff's Other Claims Under Various Federal and State Statutes Fail.

Plaintiff brings claims under multiple federal statutes, including the Privacy Act of 1974, 5 U.S.C. § 552a, and the Federal Trade Commission Act, 15 U.S.C. §§ 41-58. SAC. Neither of these statutes afford a private right of action against individuals. As such, Plaintiff's various claims are doomed.

The Privacy Act permits a private right of action against federal agencies only. 5 U.S.C. § 552a(g)(1) (providing that a private individual "may bring a civil action against the agency"); *Stoianoff v. Comm'r of Motor Vehicles*, 107 F. Supp. 2d 439, 444 (S.D.N.Y. 2000), *aff'd sub nom. Stoianoff v. Comm'r of Dep't of Motor Vehicles*, 12 F. App'x 33 (2d Cir. 2001) ("The Privacy Act likewise does not apply to state agencies or officials because . . . it incorporates the FOIA definition of 'agency' as limited only to federal agencies.").

Similarly, Section 5 of the FTC Act does not provide for a private right of action. *Toretto v. Donnelley Fin. Sols., Inc.*, 583 F. Supp. 3d 570, 598 (S.D.N.Y. 2022); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974) ("[T]he provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission. Nowhere does the Act bestow upon either competitors or consumers standing to enforce its provisions.")

Plaintiff brings a Title II claim, 42 U.S.C. §§ 2000a et seq., a Title VI claim, 42 U.S.C. §§ 2000c et seq., and a claim under the ADA, 42 U.S.C. §§ 12101 et seq. Title II concerns discrimination against patrons of commercial businesses, and Title IV concerns desegregation of public schools and colleges. None of these statutes is applicable in this case against Mr. Zuckerberg.

Plaintiff also brings a claim under the CCPA, Cal. Civ. Code § 1798.100, which governs the disclosure and security of personal information. The CCPA "does not create a broad private

right of action for all violations" but rather permits consumers to bring an action if "a business exposes certain consumer personal information in a data breach and the data breach was caused by the business's failure to use reasonable data security practices." Cal. Civ. Code § 1798.150(a)(1). Here, Plaintiff has not filed suit against a business, but rather Mr. Zuckerberg. Nor has he alleged facts to support the contention that his information was subject to a data breach.

As such, Plaintiff's claims under various state and federal statutes must also be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 30, is **GRANTED** in its entirety with prejudice. Plaintiff twice amended his Complaint to address its deficiencies, but fatal substantive flaws persist. Further amendment will not cure these flaws. "[D]ismissal with prejudice is appropriate when 'the flaws in pleading are incurable.'" *Kling v. World Health Org.*, 532 F. Supp. 3d 141, 154 (S.D.N.Y. 2021) (quoting *Fort Worth Employers' Ret. Fund v. Biovail Corp.*, 615 F. Supp. 2d 218, 233 (S.D.N.Y. 2009)). Here, dismissal with prejudice is warranted.

**SO ORDERED.**

**Dated: September 11, 2023**
      New York, New York                           **ANDREW L. CARTER, JR.**
                                                   **United States District Judge**